UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

DEON EARL DALEY,

            Plaintiff,

     -against-

ANDRE OMIUNU; EDWARD BONNIE;
JUDGE RICHARD ALLMAN; CITY OF
NEW YORK POLICE DEPARTMENT;
CREEMORE MENTAL HOSPITAL;
CITY MARSHALL JACOB SAMPSON;
RICHARD BROWN; CHARLES HANES;
IMMIGRATION AGENT & ICE
HOMELAND SECURITY; SEAN
MCNICHOLAS; ISRAEL SEGMOND;
STEVE KULFMAN; EUGNIE SAKAPENO;
JUDGE CHIN BRANDIT; RAYMOND
KELLY; POLICE BENEVOLENT
ASSOCIATION; MICHAEL BLOOMBERG;
GEORGE PATAKI; GEORGE BUSH, JR;
DAILY NEWS; DONALD RUSSLELOLEN;
QUEENS LEGAL AID SOCIETY BAR
ASSOCIATION; WARDEN BAILEY;
KINGS COUNTY LEGAL AID SOCIETY;
WILLIAM PERRY,

            Defendants.

-----------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUN 23 2006 ★

BROOKLYN OFFICE

MEMORANDUM AND ORDER
06-CV-2266 (NG)

GERSHON, United States District Judge.

    Plaintiff, proceeding *pro se* filed the instant action on May 3, 2006. Plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, for the reasons set forth below, plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this order.

1

## DISCUSSION

Plaintiff's complaint is incomprehensible. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

## LEAVE TO AMEND

Here, plaintiff's complaint falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the complaint are vague and unintelligible. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir.

2000).¹ Should plaintiff file an amended complaint, he must set forth the legal basis and factual allegations to support his claims against defendants, and the relief he is seeking with respect thereto. The allegations must be short, plain and concise.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to Fed. R. Civ. P. 8.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
_____
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
May 26 2006

---

¹ Plaintiff's complaint and *in forma pauperis* application provide two different addresses for plaintiff. Accordingly, the Clerk of Court is directed to mail a copy of this order to both of the addresses provided by plaintiff, namely (1) 1295 Herkimer Street, Apt. 4A, Brooklyn, NY 11233; and (2) Prison identification number 980-06-00295 c/o Riker's Island Correctional Facility.

3